**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Medical Protective Company, a foreign corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Herman Pang, M.D.,<br><br>　　　　Defendant. | No. CV 05-2924-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Scottsdale Healthcare Corporation's Objection to Subpoena Duces Tecum and Motion to Quash (Doc. # 58). The Court now rules on the Objection/Motion.

I.   Background

Plaintiff Medical Protective Company (MPC) has sued to rescind Dr. Pang's medical malpractice insurance policy limits from $5 million/$5 million to $1 million/$ 3 million. MPC claims that Dr. Pang made material misstatements to MPC on his application for increased limits; including, denying knowledge of potential malpractice claims against him and denying any knowledge of peer review proceedings relating to his care of patients. Dr. Pang has counterclaimed against MPC for bad faith.

On November 29, 2006, MPC served a subpoena duces tecum on Scottsdale Healthcare Corporation (SHC) in an effort to discover how many, if any, peer review

proceedings Dr. Pang knew of before he applied for increased policy limits. The subpoena requested the following:

> 1. All policies and procedures of Scottsdale Healthcare in effect in 2001 and 2002 regarding peer review of physicians at Scottsdale Healthcare Shea and Scottsdale Healthcare Osborn.
> 2. Documents that reflect the dates of any peer reviews of Herman Pang, M.D. for treatment of patients by Dr. Pang at Scottsdale Healthcare Shea and/or Scottsdale Healthcare Osborn in 2001 and 2002.
> 3. Documents regarding any peer reviews conducted of Herman pang, M.D. for treatment of patients by Dr. Pang at Scottsdale Healthcare Shea and/or Scottsdale Healthcare Osborn in 2001 and 2002.

The production date on the subpoena was December 15, 2006.

In response to the subpoena, SHC produced: (1) the Medical Staff Rules and Regulations Governing Confidentiality of Medical Staff Records and Quality Assessment and Improvement Records for SHC for years 2001 and 2002 and (2) a list of dates of peer review of Defendant Herman Pang, M.D. during 2001 and 2002. SHC objected to any further requests on grounds of peer review privilege. On December 14, 2006, SHC filed the pending Objection/Motion and sent a letter to MPC's counsel notifying counsel of SHC's objection to producing privileged material.

## II.    Analysis and Conclusion

SHC argues that the Court should quash the subpoena because the subpoena seeks privileged information. SHC states that Arizona's statutory peer review privilege covers all information SHC has not produced already. Arizona Revised Statutes §36.445 provides, in relevant part:

> The governing body of each licensed hospital shall require that physicians admitted to practice in the hospital . . . organize into committees or other organizational structures to review the professional practices within the hospital . . . for the purposes of reducing morbidity and mortality and for the improvement of the care of patients . . . Such review shall include the nature, quality, and necessity of the care provided and the preventability of complications and deaths occurring in the hospital.

In pertinent part, Arizona Revised Statutes §36-445.01 reads:

> All proceedings, records and materials prepared in connection with the reviews provided for in §36-455, including all peer reviews of individual health care providers . . . shall be confidential and shall not be subject to discovery except in proceedings before the board of medical examiners, or the board of osteopathic examiners, or in actions by an individual health care provider against a hospital . . . .

Arizona statutes also provide that when heath care providers establish quality assurance processes to investigate the quality of health care, the information secured through those processes is confidential and undiscoverable. ARIZ. REV. STAT. ANN. §§36-2401-2404.

MPC attacks the motion to quash on both procedural and substantive bases. The Court will address the procedural issue first. MPC claims that the motion is premature because SHC did not attempt to resolve the dispute informally as required by Fed. R. Civ. P. 26(c). But Fed. R. Civ. P. 45(3) allows the Court to quash a subpoena upon "timely motion" if the subpoena requires disclosure of privileged information. Rule 45 does not require the movant to attach an affidavit stating the movant attempted to resolve the dispute informally; and Plaintiff does not contend that SHC's motion was untimely. The Court therefore will not deny the motion on procedural grounds.

MPC makes two substantive objections to the motion to quash: 1) that the peer review privilege does not apply and 2) that the Defendant and SHC have waived the privilege. The Court will address MPC's arguments in that order.

The Arizona peer review statutes govern the discoverability of peer review material. *Humana Hosp. Desert Valley v. Superior Court*, 742 P.2d 1382, 1384 (Ariz. Ct. App. 1987). Arizona's statutory peer review privilege protects the peer review process itself, including the names of the persons in attendance and discussions, exchanges, and opinions found in the committee minutes. *Yuma Reg'l Med. Ctr. v. Superior Court*, 852 P.2d 1256, 1259 (Ariz. Ct. App. 1993). The privilege also prohibits a party from engaging in a "fishing expedition to ascertain what information was considered by the peer review committee . . . ." *Id*. at 1260.

MPC's third production request, "Documents regarding any peer reviews conducted of Herman pang, M.D. for treatment of patients by Dr. Pang at Scottsdale Healthcare Shea and/or Scottsdale Healthcare Osborn in 2001 and 2002," calls for exactly the sort of

- 3 -

1  information covered by the peer review privilege.  Nor do any of the statutory exceptions
2  apply.  The peer review privilege therefore will prevent the discovery of the information
3  requested if the privilege has not been waived.

4      The peer review statutes instruct the hospitals to create peer review committees; and
5  the peer review documents belong to the hospitals.  The Court therefore agrees with SHC that
6  the hospital holds the peer review privilege; and only the hospital can waive the privilege.
7  SHC has maintained its peer review files and documents in a confidential manner, has not
8  disclosed confidential information to a third party, and has not voluntarily testified about its
9  confidential information; and SHC has specifically asserted the privilege.  The Court finds
10  that SHC has not waived the privilege, as Plaintiff suggests, by requiring Dr. Pang to
11  maintain medical malpractice insurance.

12      Accordingly,

13      IT IS ORDERED GRANTING SHC's Objection to Subpoena Duces Tecum and
14  Motion to Quash (Doc. # 58).

15      DATED this 6th day of February, 2007.

James A. Teilborg
United States District Judge