**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Medical Protective Company, a foreign corporation<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Herman Pang, M.D.,<br><br>　　　　　Defendant. | No. CV 05-2924-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendant Dr. Herman Pang's Motion for Attorneys' Fees (Doc. 264); Plaintiff Medical Protective Company's Motion for Rule 60(b) Relief (Doc. 266); Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) (Doc. 268); Plaintiff's Motion to Strike and Motion for Attorneys' Fees (Doc. 269); Defendant's Rule 54 Motion Requesting Review and Revision of Clerk's 4/28/10 Order Re: Taxation of Costs (Doc. 273); Defendant's Motion for Extension of Time to File Supplement (Doc. 285); Defendant's Second Motion for Extension of Time to File Supplement (Doc. 289); Defendant's Third Motion for Extension of Time to File Supplement (Doc. 291); Defendant's Fourth Motion for Extension of Time to File Supplement (Doc. 292). The Court now rules on the motions.

**I.     Background**

In September 2005, Plaintiff Medical Protective Company ("MPC") filed the current action seeking declaratory relief and partial recision of a medical malpractice policy issued

to Dr. Pang. In particular, MPC sought to reduce the limits of liability for a professional insurance policy it issued to Dr. Pang that relates to a state court medical malpractice action brought by K. Williamson against Dr. Pang. Defendant Dr. Pang filed a counter-claim against MPC for bad faith. In July 2007, a jury returned a verdict in favor of Dr. Pang regarding the state court medical malpractice action. K. Williamson then appealed the jury verdict to the Arizona Court of Appeals.

While the state court action was pending before the Arizona Court of Appeals, MPC and Dr. Pang filed a joint motion for dismissal without prejudice (Doc. 260). On March 26, 2008, this Court issued an Order granting the parties' joint motion for dismissal without prejudice (Doc. 262), and adopting in large part the parties' proposed form of order (Doc. 261). In the March 2008 Order, the Court ordered the following:

> IT IS FURTHER ORDERED that this Order shall not be deemed a final order, that the Court retains jurisdiction over this action, and that all rights of action and all rights of appeal are tolled and maintained by the parties as they currently exist until further order of the Court as set-forth below.

> IT IS FURTHER ORDERED that no later than thirty (30) days after a mandate is filed in the Superior Court of Arizona, case no. CV 2002-014646, from the Arizona Court of Appeals or the Arizona Supreme Court regarding the appeal of Kymberli Williamson, one of the parties herein shall file a motion in this action requesting: (1) that the Court enter a final order dismissing this action with prejudice; or (2) requesting that this action be re-opened for final pre-trial conference and trial; or (3) requesting that the non-final order of dismissal without prejudice and the Court's jurisdiction continue until after re-trial of the Williamson case and termination of all appeals therefrom; or (4) such other orders as may be appropriate.

> IT IS FURTHER ORDERED that in the event neither party files such motion, this Order shall automatically become a self-executing final order of dismissal with prejudice thirty-one (31) days after the filing of such mandate in the Superior Court of Arizona from the Arizona Court of Appeals or Arizona Supreme Court and without further action by this Court.

(Doc. 262 at pp. 1, 2.)

In July 2009, the Arizona Court of Appeals issued a memorandum decision reversing and remanding the state court judgment entered in favor of Dr. Pang. Dr. Pang petitioned to the Arizona Supreme Court for review of the Arizona Court of Appeals' decision, but the Arizona Supreme Court denied the petition. A mandate was then filed on February 25, 2010 in superior court.

Neither party filed a motion as outlined in the Court's March 2008 Order within thirty-one days after the filing of the February 25 mandate. As a result, the Court's March 2008 Order became a self-executing final order of dismissal with prejudice of MPC's declaratory and recision claims, as well as Dr. Pang's bad faith counter-claim. MPC now requests Rule 60(b)(1) and 59(e) relief from the March 2008 Order.

**II.    Analysis**

*A.    Rule 60(b)(1)*

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b)(1). Determining if the alleged excusable neglect merits relief under 60(b)(1) requires examining "four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Servs.*, 231 F.3d 1220, 1223-24 (9th Cir 2000).

MPC agrees that the Court's March 2008 Order has now become a final order of dismissal with prejudice because neither party filed a motion to re-open this case within thirty-one days of February 25, 2010–the date the mandate in the state court action was filed in superior court. Nevertheless, MPC requests that the Court relieve MPC from the effect of the March 2008 Order for reasons of "mistake, inadvertence, surprise, or excusable neglect." (Doc. 266 at p. 6.)

The Court finds that the first, second, and fourth *Bateman* factors weigh in favor of granting MPC's motion. Defendant has not demonstrated any prejudice that will occur to him

- 3 -

1  as a result of granting the Rule 60(b) motion, nor is the Court aware of any such prejudice.
2  The length of delay from when the mandate was filed until the bringing of the Rule 60(b)
3  motion was minimal and inconsequential. Further, nothing in the record supports a finding
4  that MPC failed to act in good faith–nor does Defendant so suggest. Accordingly, the Court
5  finds that the first, second, and fourth factors weigh in favor of granting the requested Rule
6  60(b) relief.

7  The Court further finds, however, that the third *Bateman* factor weighs heavily against
8  granting MPC's motion. MPC's proffered rationale for not filing a motion to re-open this
9  case within thirty-one days of the filing of the mandate does not constitute "mistake,
10 inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1). MPC
11 asserts that it was not aware that the mandate had been filed in the superior court–the
12 triggering event for the thirty-one day time frame in the Court's March 2008 Order. Even
13 assuming MPC was not aware of the precise date that the mandate was filed, the record
14 supports a finding–and MPC freely admits–that it was aware the Arizona Court of Appeals
15 reversed and remanded the jury verdict, that the Arizona Supreme Court denied the petition
16 for review, and that the case was being remanded to superior court. These facts alone are
17 sufficient to deny MPC's Rule 60(b) request. "'Neither ignorance nor carelessness on the part
18 of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).'" *Kagan v.*
19 *Caterpillar Tractor Co.,* 795 F.2d 601, 607 (7th Cir.1986) (quoting *Engleson v. Burlington*
20 *N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992)). *See also Smith v. Stone*, 308 F.2d 15, 18
21 (9th Cir.1962) (attorney's failure to follow court procedure and rules is not excusable neglect
22 under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th
23 Cir.1971) (failure to appeal dismissal of action was due to lack of diligence and was not
24 excusable neglect under Rule 60(b)). MPC was aware that the jury verdict had been reversed
25 and that the Arizona Supreme Court declined to revisit the Court of Appeals' decision.
26 Armed with such information, MPC should have, at a minimum, been aware that the filing
27 of the mandate in superior court was imminent. MPC's argument that it was unaware of the
28 precise date of when the mandate was filed is unavailing.

1      Moreover, throughout the briefing on this issue, MPC attempts to place the onus on
2 Defendant Dr. Pang to alert MPC as to when the mandate was filed.  Defendant had no such
3 burden, as the March 2008 Order makes clear that the burden is on the party that desires to
4 re-open this case to file an appropriate motion within the given time frame.[1]  Even though
5 Dr. Pang was a party to the state court action and MPC was not a party to the state court
6 action, this does not relieve MPC of its duty to diligently watch for the filing of the mandate
7 in superior court should MPC desire to re-open this case.  Further, the filing of mandates is
8 open to the general public, and whether MPC was a party to the state court action is
9 immaterial concerning MPC's ability to ascertain when the mandate was filed and thereafter
10 properly move to re-open this case.

11      MPC further argues that it was not the parties' intent for a final order with prejudice
12 to be entered after the state court jury verdict was reversed.  However, MPC cites the Court
13 to no more than its "contemplations" concerning under what circumstances the March 2008
14 Order would become a final order with prejudice.  Although both parties cite the Court to
15 various emails exchanged between the parties, these emails do not demonstrate, as MPC
16 suggests, an intent between the parties that the March 2008 Order must never become a final
17 order with prejudice if the state court verdict was reversed.  The emails express an intent,
18 should the state court verdict be reversed, to create a mechanism for placing the parties in the
19 same position they were in prior to the March 2008 order.  The parties, through their
20 proposed order at Doc. 261, provided a mechanism for ensuring that the parties return to the
21 same position once the state court verdict was reversed.  However, the parties also included
22 a mechanism to ensure that the March 2008 Order would become a final order with
23 prejudice–either by filing a motion so requesting, or simply by filing nothing within thirty-

---

[1] MPC asserted at oral argument that the second paragraph of the Court's March 2008 obligated Dr. Pang to file a motion after the entry of the mandate, but that paragraph simply reads, "one of the parties herein shall file a motion in this action requesting . . .."  The Court finds that the quoted language did not place the responsibility on Dr. Pang to revive this suit against him.

- 5 -

1  one days after the mandate was filed. There is nothing in the communications between the
2  parties that suggests that the outcome countenanced in the final paragraph of the March 2008
3  Order was not an intended outcome. The plain language of the parties' proposed order and
4  the subsequent March 2008 Order clearly countenance such an outcome. As such, based
5  upon the current record and based upon the absence of any evidence to the contrary
6  concerning the parties' intent , the Court is not persuaded that a dismissal with prejudice after
7  a reversal of the jury verdict was an outcome not intended by the parties.[2] Therefore, the
8  Court finds that the third factor weighs heavily against granting Rule 60(b) relief.

9  After properly weighing the four *Bateman* factors, the Court finds that there was no
10  justifiable "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule
11  60(b)(1). Accordingly, the Court denies MPC's requested Rule 60(b) relief.

12  *B.*     *Rule 59(e)*

13  "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the
14  motion is 'necessary to correct manifest errors of law or fact upon which the judgment is
15  based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;'
16  3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change
17  in controlling law.'" *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th
18  Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir.1999)) (italics
19  omitted).

20  MPC argues that Rule 59(e) relief is necessary to prevent manifest injustice, as well
21  as to correct a manifest error of fact. However, MPC merely rehashes its arguments
22  discussed above under Rule 60(b); namely, that MPC had no knowledge of the filing of the
23  actual mandate, the onus was on Defendant Dr. Pang to alert the Court or MPC that the

---

[2] The Court also notes that Defendant Dr. Pang notified this Court that a settlement had been reached in the state court action, for a sum less than or equal to $1 million–the sum MPC is seeking to reduce the limits of liability for the professional insurance policy it issued to Dr. Pang–and that MPC agreed to pay the settlement. As such, it is likely that MPC's recision claim is now moot.

- 6 -

mandate was filed, and that it was not the parties intent for a reversal of the state court jury verdict to produce a final order of prejudice in this case. The Court need not revisit these arguments, as the same reasons for rejecting these arguments under Rule 60(b) are equally applicable under Rule 59(e). Accordingly, the Court finds that MPC is not entitled to its requested relief under Rule 59(e).

*C.    Attorneys' Fees*

Defendant Dr. Pang asserts that he is entitled to his reasonable attorneys' fees under A.R.S. § 12-341.01. MPC, in response, argues that there is no prevailing party within the meaning of Section 12-341.01; and, if the Court determines that there is a prevailing party under this statute, then MPC is the prevailing party.

Section 12-341.01 provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). The Court finds that there is no "successful party" within the meaning of Section 12-341.01. The Court never resolved the merits of either party's claims. Through the settlement agreement, MPC agreed to dismiss its declaratory and recision claims, and Dr. Pang agreed to dismiss his bad faith claims. Unlike an order addressing a motion to dismiss or a motion for summary judgment, the Court in its March 2008 Order never resolved, much less entered judgment on the merits of these claims. This case has been dismissed with prejudice because each party voluntarily agreed to a settlement that provided a mechanism for dismissing all claims with prejudice. Such a result does not produce a "successful party" within the meaning of Section 12-341.01. Neither MPC nor Dr. Pang were awarded the relief they were seeking in bringing their claims and counter-claims. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (stating that "a 'prevailing party' is one who has been awarded some relief by the court").[3]

---

[3] The Court rejects any assertion that the March 2008 Order is, in effect, a consent decree. This case does not involve the extensive and ongoing judicial involvement that are the hallmarks of consent decrees. Rather, the March 2008 Order was issued in direct response to a private settlement agreement between the parties. There was simply no judicial

- 7 -

Moreover, this case does not present a scenario where one party is the "successful party" because the opposing party voluntary dismissed, *Vicari v. Lake Havasu City*, 213 P.3d 367 (Ariz. Ct. App. 2009), or because the Court dismissed this action for a lack of prosecution. *Britt v. Steffen*, 205 P.3d 357 (Ariz. Ct. App. 2008). Rather, the Court was presented with a settlement agreement between the parties that became a final order with prejudice. Accordingly, the Court finds that neither party is entitled to its attorneys' fees under Section 12-341.01.[4]

**III.   Conclusion**

Thirty-one days after the filing of the mandate in superior court, this Court's March 2008 Order became a final order of dismissal with prejudice. For the reasons discussed above, MPC is not entitled to either Rule 59(e) or Rule 60(b) relief. Moreover, the Court concludes that there is no "successful party" within the meaning of Section 12-341.01. As such, the Court denies both parties' requests for attorneys' fees.

Accordingly,

**IT IS ORDERED** that Defendant Dr. Herman Pang's Motion for Attorneys' Fees (Doc. 264) is denied.

**IT IS FURTHER ORDERED** that Plaintiff Medical Protective Company's Motion for Rule 60(b) Relief (Doc. 266) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) (Doc. 268) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Motion for

---

approval nor oversight in this case.

[4] Defendant Dr. Pang also asks the Court to revise the order of the Clerk of the Court at Doc. 271, wherein the Clerk of the Court denied Defendant's bill of costs. The Court notes that LRCiv. 54.1(d) provides that "[t]he Court will not determine the party entitled to costs in actions terminated by settlement; parties must reach agreement on taxation of costs, or bear own costs." In any event, for the reasons discussed above, there is no "prevailing party" in this case. Accordingly, the Court denies Defendant's request to revise the order of the Clerk of the Court.

1  Attorneys' Fees (Doc. 269) is denied.

2  **IT IS FURTHER ORDERED** that Defendant's Rule 54 Motion Requesting Review and Revision of Clerk's 4/28/10 Order Re: Taxation of Costs (Doc. 273) is denied.

4  **IT IS FURTHER ORDERED** that Defendant's First, Second, Third, and Fourth Motions for Extension of Time to File Supplement (Doc. 285) are denied as moot.

6  DATED this 19th day of October, 2010.

James A. Teilborg
United States District Judge