**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Medical Protective Company, a foreign corporation<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Herman Pang, M.D.,<br><br>　　　　Defendant. | No. CV 05-2924-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is Defendant Dr. Herman Pang's Second Motion for Attorney's Fees (Doc. 306). The Court now rules on the Motion.

**I.　Background**

In September 2005, Plaintiff Medical Protective Company ("MPC") filed an action seeking declaratory relief and partial recision of a medical malpractice policy issued to Dr. Pang. In particular, MPC sought to reduce the limits of liability for a professional insurance policy it issued to Dr. Pang that relates to a state court medical malpractice action brought by K. Williamson against Dr. Pang. Dr. Pang filed a counter-claim against MPC for bad faith. In July 2007, a jury returned a verdict in favor of Dr. Pang in the state court medical malpractice action. K. Williamson then appealed the jury verdict to the Arizona Court of Appeals.

While the state court action was pending before the Arizona Court of Appeals, MPC and Dr. Pang filed a joint motion for dismissal without prejudice (Doc. 260). On March 26, 2008, this Court issued an Order (Doc. 262) granting the parties' joint motion for dismissal without prejudice (Doc. 260), and adopting in large part the parties' proposed form of order

(Doc. 261). In the March 2008 Order, the Court ordered the following:

> IT IS FURTHER ORDERED that this Order shall not be deemed a final order, that the Court retains jurisdiction over this action, and that all rights of action and all rights of appeal are tolled and maintained by the parties as they currently exist until further order of the Court as set-forth below.
>
> IT IS FURTHER ORDERED that no later than thirty (30) days after a mandate is filed in the Superior Court of Arizona, case no. CV 2002-014646, from the Arizona Court of Appeals or the Arizona Supreme Court regarding the appeal of Kymberli Williamson, one of the parties herein shall file a motion in this action requesting: (1) that the Court enter a final order dismissing this action with prejudice; or (2) requesting that this action be re-opened for final pre-trial conference and trial; or (3) requesting that the non-final order of dismissal without prejudice and the Court's jurisdiction continue until after re-trial of the Williamson case and termination of all appeals therefrom; or (4) such other orders as may be appropriate.
>
> IT IS FURTHER ORDERED that in the event neither party files such motion, this Order shall automatically become a self-executing final order of dismissal with prejudice thirty-one (31) days after the filing of such mandate in the Superior Court of Arizona from the Arizona Court of Appeals or Arizona Supreme Court and without further action by this Court.

(Doc. 262 at pp. 1, 2.)

In July 2009, the Arizona Court of Appeals issued a memorandum decision reversing and remanding the state court judgment entered in favor of Dr. Pang. Dr. Pang petitioned to the Arizona Supreme Court for review of the Arizona Court of Appeals decision, but the Arizona Supreme Court denied the petition. A mandate was then filed on February 25, 2010 in Superior Court.

Neither party filed a motion as outlined in the Court's March 2008 Order within thirty-one days after the filing of the February 25 mandate. As a result, the Court's March 2008 Order became a self-executing final order of dismissal with prejudice of MPC's declaratory and recision claims, as well as Dr. Pang's bad faith counter-claim.

On April 9, 2010, Dr. Pang filed a Motion for Attorney's Fees and Related Non-Taxable Expenses in the amount of $189,890.25. (Doc. 264.) Dr. Pang argued he was the prevailing party in the underlying litigation.

On April 14, 2010, MPC filed a Motion for 60(b) Relief from Effect of March 26,

1  2008 Order. (Doc. 266.) MPC also filed a Motion to Alter or Amend Judgment Under Rule 59(e) on April 23, 2010. (Doc. 268.) In its post-judgment motions, MPC argued that the Court should relieve MPC from the self-executing order because, as a non-party to the state malpractice action, it did not receive a copy of the mandate.

In its October 19, 2010 Order (Doc. 305), the Court denied MPC's Rule 60(b) and Rule 59(e) Motions. The Court found that MPC's proffered reason for not filing a motion to re-open the case within thirty-one days of the filing of the mandate did not constitute "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1). The Court further rejected MPC's argument that relief from the self-executing final order was necessary to prevent manifest injustice or to correct a manifest error of fact.

The Court also denied Dr. Pang's Motion for Attorney's Fees and Related Non-Taxable Costs. (Doc. 305 at pp. 7,8.) The Court found that there was no successful party for purposes of A.R.S. §12-341.01 because the Court never resolved the merits of either party's claims. The case was dismissed with prejudice because each party voluntarily agreed to a settlement that provided a mechanism for dismissing all claims with prejudice.

Dr. Pang filed the pending Second Motion for Attorney's Fees based on the Court's denial of MPC's Rule 60(b) and Rule 59(e) Motions. He claims that he prevailed on the post-judgment motions and therefore is entitled to his just and reasonable attorneys' fees.

## II. Analysis and Conclusion

Dr. Pang argues that, as the successful party on the post-judgment motions, he should receive his attorneys' fees associated with those motions pursuant to A.R.S. §12-341.01. Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(a). The Court must determine first whether the filing of the post-judgment motions triggered a new action arising out of contract, and if yes, then whether Dr. Pang is the successful party and therefore entitled to his reasonable attorneys' fees.

The Court held in its October 19, 2010 Order that neither MPC nor Dr. Pang is a

- 3 -

successful party pursuant to A.R.S. §12-341.01 in this case. Dr. Pang urges the Court to revisit this issue, but with respect to only the attorneys' fees he incurred to defend against MPC's post-judgment motions. MPC argues that the Court should not award attorneys' fees on such a piecemeal, motion-by-motion basis.

Dr. Pang cites *Lamb v. Arizona Country Club*, 601 P.2d 1068 (Ariz. Ct. App. 1979), and cases citing *Lamb*, in support of his motion for post-judgment attorneys' fees. The Arizona Court of Appeals in *Lamb* found that the appellant's Arizona Rule of Civil Procedure 60(c) Motion, which sought to have a stipulated judgment set aside, constituted the initiation of a contested action arising out of contract under §12-341.01(A). 601 P.2d at 1070. The *Lamb* court held:

> By their Rule 60(c) motion, appellants intended to achieve the same result as if they had filed an independent action for relief from the judgment. The filing of an independent action for relief from a stipulated judgment would, we believe, constitute an initiation of a "contested action." To the extent both the Rule 60(c) motion and the independent action seek the vacation of a judgment, they are largely interchangeable. The last sentence of rule 60(c) reads: "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

*Id.* (internal citations omitted). The appeals court awarded the appellee its attorneys' fees on appeal for the appeal of the trial court's denial of the appellant's 60(c) motion, which the appellate court affirmed.

The Court first notes that the *Lamb* case is distinguishable because it deals with the award of attorneys' fees on appeal. Here, Dr. Pang seeks A.R.S. §12-341.01 attorneys' fees for work at the trial level, in a case where the Court already has held there is no successful party.

Second, the Court respectfully disagrees with the *Lamb* court's holding regarding the effect of filing a Rule 60 motion. The *Lamb* opinion suggests that the filing of a Rule 60 motion for relief from a judgment entered pursuant to a settlement somehow initiates a new cause of action that arises out of contract. The Court agrees that an independent action

- 4 -

brought to enforce a settlement or to void a settlement is an action that "arises out of contract" and that the successful party in such an action would be entitled to attorneys' fees pursuant to A.R.S. §12-341.01. But the Court does not agree with *Lamb* to the extent it holds that a Rule 60 motion constitutes the filing of a "new" cause of action that allows a party to bring a new motion for attorneys' fees.

A federal court sitting in diversity applies state substantive law and federal procedural rules. *Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965); *Goldberg v. Pacific Indem. Co.*, 627 F.3d 752, 758(9th Cir. 2010). Federal Rule of Civil Procedure 60(b) differs slightly from Arizona Rule of Civil Procedure 60(c). Federal Rule 60(b) lists the same reasons for providing relief from judgment – including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud – as Arizona Rule 60(c), but the Federal Rule deals with independent actions in a different subsection, subsection (d). Whereas, Arizona Rule 60(c) covers both motions for relief from judgment and an independent action in the same section.

The typical Federal Rule 60(b) motion, while perhaps seeking the same practical effect, differs significantly from an independent action to set aside a judgment. "Resort to an independent action may be had only rarely and then only under unusual and exceptional circumstances." *Bailey v. I.R.S.*, 188 F.R.D. 346, 355 (D.Ariz. 1999)(internal citations omitted). And an independent action cannot be used to "relitigate issues finally determined in another action between the same parties, nor is it a remedy for inadvertence or oversight by the losing party in the original action." *Id*. The Court therefore does not interpret a Federal Rule of Civil Procedure 60(b) motion as having the same effect as filing an independent cause of action, thereby triggering the right to attorneys' fees.

The Court's holding is supported by concerns unique to a court sitting in diversity and by consideration of the potential outcomes of treating a Rule 59(e) or 60(b) motion as a new action arising out of contract. Arizona trial courts are courts of general jurisdiction. But federal trial courts have limited jurisdiction and can exercise diversity jurisdiction only if the

amount in controversy exceeds $75,000. Suppose the Court in a diversity case entered a $50,000 judgment, with each party to bear its own attorneys' fees, pursuant to a negotiated settlement, then one of the parties moved for relief from the judgment. If the filing of the motion for relief from judgment constituted the initiation of a "new" cause of action, would the Court have diversity jurisdiction over that "new" action that arguably has only $50,000 at issue?

Or suppose that the Court had ruled in favor of MPC on its Rule 59 and 60 Motions. Would the Court have awarded MPC its attorneys' fees as the successful party on the motions even though MPC had to file the motions as a result of its excusable neglect? If the Court found for MPC on the Rule 59 and 60 Motions, but then later found for Dr. Pang on the merits, would the Court award MPC its attorneys' fees for preparing the post-judgment motions and award Dr. Pang his attorneys' fees for the remainder of the litigation? The Court posits that the answer to both of these questions would be no. These issues highlight the problem with treating a post-judgment motion for relief in an ongoing case the same as an independent action based on a prior judgment.

Because the Court finds that MPC's filing of the post-judgment motions did not constitute a new, independent action, the Court will not revisit its earlier successful party analysis. Dr. Pang is not a successful party in this action for purposes of A.R.S. §12-341.01.

Accordingly,

**IT IS ORDERED DENYING** Dr. Pang's Second Motion for Attorney's Fees (Doc. 306).

DATED this 6th day of September, 2011.

James A. Teilborg
United States District Judge